7794

## HUTTO v. BLACK.

## HUTTO v. KENNEDY.

1. MINOR.—SERVICE OF SUMMONS AND COMPLAINT on a minor over fourteen or an adult is good if copies be left with some one of discretion at his home or place of business, but a minor under fourteen must be served personally.

2. WHERE A MINOR INTERVENES in a suit to which he has not been made a party by proper service for the purpose of having surplus funds invested for his benefit, he is bound by all adjudications in the proceeding previous to his intervention.

Before GAGE, J., Bamberg, April, 1910. Reversed.

Two cases, W. J. Hutto *et al.* against Ben Black; and the same against Scott Kennedy, Marcus Daniel and John

1—88

Hutto.    Defendants Ben Black, Scott Kennedy and John Hutto appeal.

*Messrs. H. F. Buist, Bates & Simms, James E. Davis* and *J. A. Willis,* for appellants.    *Messrs. Buist, Bates & Simms* and *Davis* cite: *Service of infant under fourteen:* 45 S. C. 334; 40 S. C. 69.    *Above fourteen:* 22 S. C. 49; 23 S. C. 167; 59 S. C. 504.    *Infants are estopped by intervention:* 85 S. C. 562.    *Construction of deed:* 11 Rich. Eq. 264; 14 Id. 146.

*Messrs. S. G. Mayfield* and *B. T. Rice,* contra, cite: *Construction of deed:* 42 S. C. 347; 2 Wash. Real Prop., chap. 4, sec. 8; 2 Rich. Eq. 49.    *Service of minors:* 23 S. C. 159. *Minors are not estopped:* 26 S. C. 186.

February 28, 1911.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    The following statement is set out in the record:

"The above actions are brought by the plaintiffs against the defendants, to recover the lands described in the complaint, for a receiver, and for damages, rents and profits, all of which will appear in the complaint in the said actions. The lands sought to be recovered, were purchased by the defendants, through the following chain of titles: * * *

"The master, to Richard Dunbar; sold by the master, in foreclosure suit of Weissinger & Deiffenbach v. E. J. Hutto, W. J. Hutto, Lucia J. Hutto, Mary Hutto, Alethia V. Dyches and W. H. Dyches, upon mortgages executed to Simon Brown, by Rufus C. and Elizabeth J. Hutto, and assigned to said Weissinger & Deiffenbach.

"Both of the defendants, in the present actions, claim under said foreclosure proceeding.    At the time of the filing of the suit of Weissinger & Deiffenbach, against W.

J. Hutto *et al.* the defendants herein, W. J. Hutto, Lucia J Hutto, Mary Hutto, Alethia V. Dyches and W. H. Dyches, were minors; and the questions involved in this case on appeal are, whether the service was properly made upon said infants, and they properly made parties to said suit, and whether they are bound thereby. When the lands were sold, in the foreclosure proceeding, the indebtedness was paid, and a balance held in the hands of the master, to the credit of the mortgagors and their children, the said infants; and the said Elizabeth J. Hutto, and the said infants, in a proceeding entitled *Ex parte* Elizabeth Hutto, Jabez Hutto, Lucia Sellers *et al., In re* Alexander Gill, M. Furse *et al.,* Judgment Roll 143, Roll 6, petitioned the Court, to have the said funds invested in a home for them, according to the terms and limitations, under which the said parties held the original lands mortgaged and foreclosed, as aforesaid. This was done, and the tract of land purchased with the said funds, and into which the said Elizabeth Hutto and her said children entered possession, and enjoyed the same, and finally disposed of same.

"And this proceeding for reinvestment raises another question, as to whether the alleged defects in the previous service of the defendants have been waived by said petition and proceeding, and cured by the action of the said petitioners."

In the action to foreclose the mortgage of the land in controversy, executed by Rufus G. Hutto and his wife Elizabeth Hutto, in favor of Simon Brown, his Honor, the presiding Judge, held that, under the conveyance of the land to the said grantees, they took a fee; whereas, the plaintiffs contend, that they took only life estates, with remainder to their children as purchasers.

The following is a copy of the proof of service of the summons in the action to foreclose said mortgage:

"Jno. D. Milhouse, being duly sworn, makes oath: That he served the within summons on the defendant, E. J.

Hutto, by delivering to her personally, and leaving with her a copy of the same at her residence; on the defendants, W. J. Hutto and Lucia J. Hutto, by delivering to E. J. Hutto, a person of discretion, residing at the residence of the said W. J. Hutto and Lucia J. Hutto, and leaving with her a copy of the same directed to them; on the defendant Mary Hutto, by delivering to E. J. Hutto, the mother of the said Mary Hutto, a copy of the same, and delivering to and leaving with the said E. J. Hutto, a person of discretion, residing at the residence of the said Mary Hutto, a copy of the same, directed to the said Mary Hutto; and on the defendants Alethia V. Dyches and Wm. H. Dyches, by delivering to them personally, and leaving with them copies of the same, at their residence, on the 9th day of October, 1884, and that he knows the persons so served to be the persons described in the summons as E. J. Hutto, W. J. Hutto, Lucia J. Hutto, Mary Hutto, Alethia V. Dyches and Wm. H. Dyches, the defendants herein, and that the deponent is not a party to the action.        JNO. D. MILHOUSE.

Sworn to before me this 9th day of October, 1884.
(L. S.)                    W. R. KELLY, Notary Public."

His Honor, Judge Gage, who heard these two cases, by consent, without a jury, finds that W. J. Hutto, Lucia Hutto and Mary Hutto were minors when the action for foreclosure was commenced, and that the Court did not acquire jurisdiction of them, by reason of the fact, that they were not properly served with a copy of the summons; that W. J. Hutto was of age when he united in the petition for the reinvestment of said proceeds, and, therefore, is estopped from claiming any interest in said land; that Lucia Hutto was an infant over the age of fourteen years, while Mary Hutto was under that age.

Subdivisions 2 and 4 of section 155 of the Code, relative to the manner of commencing civil actions, are as follows:

2. "If against a minor under the age of fourteen years, to such minor personally and also to his father, mother or

guardian; or if there be none within the State, then to any person having the care and control of such minor, or with whom he shall reside, or in whose service he shall be employed."

4. "In all other cases to the defendant personally, or to any person of discretion, residing at the residence, or employed at the place of business, of said defendant." The proof of service, hereinbefore mentioned, shows that a copy of the summons was served on the defendant Lucia Hutto, by delivering it to E. J. Hutto, a person of discretion, residing at the residence of the said Lucia Hutto, and leaving with her a copy of the same, directed to her.

Subdivision 4 of said section provides for an alternative service—either upon the defendant personally, (if he is over fourteen years of age), or to any person of discretion, residing at the residence, or employed at the place of business, of the defendant.

Thus showing that there was a compliance, with the requirements of said section, as to the service upon Lucia Hutto, and the same may be said as to the service upon W. J. Hutto.

In regard to service upon a minor under fourteen years of age, the rule, however, is different. In *Kennedy* v. *Williams*, 59 S. C. 378, the Court says: "The object of the Code, in requiring service of the summons, both on the minor and on the parent or guardian, is twofold: 1st. To give publicity, to the proceedings, in the neighborhood of the minor. Personal service of the summons on the minor, tends to give notice of his rights, to others than those, who might be interested in destroying them, and thus cause them to be more carefully guarded. 2d. To give notice to the parent or guardian, in order that they might see, that the minor's interests are protected. While it is indispensable, that the summons should be served personally, on the minor, in order to give the Court jurisdiction, this requirement is

not so stringent, as to service of the summons on the parent or guardian."

We proceed, next, to consider the effect of the petition, for reinvestment of the surplus, arising from the sale of the mortgaged premises.

"Where a person has an interest in a fund, which is in the custody or under the control of the Court, and he desires to secure its proper administration and distribution, he may intervene for that purpose." 17 Enc. of Law 184.

."An intervener in a suit between other parties must accept such suit as he finds it, and is bound by the record of the case. at the time of his intervention." 11 Enc. of Pl. & Pr. 509.

"A judgment in an action, where a third party has intervened as defendant, is conclusive both upon the original defendant and the intervenor." Id. 511.

"A third person who comes into a pending action, by intervention or interpleader, setting up a claim to the subject of the controversy, is concluded by the judgment, and, if it is in his favor, he may take advantage of it, in any subsequent litigation, in which the same questions are raised, and the same parties concerned." 23 Cyc. 1248-9.

"A third person, who virtually makes himself a plaintiff, in an action between other parties, by assuming the conduct of the litigation and actively prosecuting it, for the benefit or protection of interests, of his own, is bound by the judgment, although not a party of record." Id. 1249.

"Where a third person intervenes in a pending action, for the purpose of claiming the fund or the chattel in controversy, as his own, he is concluded by the judgment in that action, and cannot afterwards sue on the same claim, at least in respect of any title, acquired prior to the intenvention." 2 Black on Judg., sec. 576. See, also, *Boyce* v. *Boyce,* 6 Rich. Eq. 302; *Bank* v. *Rose,* 1 Strob. Eq. 257.

These authorities show that the petitioners became parties to the original action, and are bound by the construc-

tion, which his Honor, the presiding Judge, in that action, placed upon the deed to Rufus G. Hutto and his wife Elizabeth J. Hutto.

These views render the other questions merely speculative.

Judgment in each of said cases reversed.